```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 18, 2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
NITIN PATEL and DEEPAK PATEL,

                Plaintiffs,

        -v-

BIJAL JANI,

                Defendant.
------------------------------------------------------------------ X

12-cv-9376 (KBF)

MEMORANDUM
OPINION & ORDER

KATHERINE B. FORREST, District Judge:

Pending before the Court are two separate motions in limine that address similar issues:

    A.    <u>Defendant's Motion in Limine</u> (ECF No. 63) to preclude evidence as to whether defendant had previously represented members of her family in unrelated legal matters and whether she paid her father rent for her law office space.

    B.    <u>Plaintiffs' Motion in Limine to Admit Statements of Co-conspirators under Fed. R. Evid. 801(d)(3)(e) and Also to Consider Such Statements as Verbal Acts and Not Hearsay.</u>  (ECF No. 68.)

I.    LEGAL STANDARD

The purpose of a motion in limine is to allow the trial court to rule on the admissibility and relevance of certain anticipated evidence before that evidence is actually offered at trial.  See <u>Luce v. United States</u>, 469 U.S. 38, 40 n.2 (1984); <u>Palmieri v. Defaria</u>, 88 F.3d 136, 141 (2d Cir. 1996).  The trial court should only

exclude the evidence in question "when [it] is clearly inadmissible on all potential grounds." United States v. Paredes, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001) (citations omitted).

The Federal Rules of Evidence govern the admissibility of evidence at trial. Under Rule 402, evidence must be relevant to be admissible. Fed. R. Evid. 402. Evidence is relevant if it has a tendency to make a fact that is of consequence in determining the action more or less probable than it would be without the evidence. Fed. R. Evid. 401. In addition to relevancy, admissibility turns on the probative value and prejudice of the evidence in question. Under Rule 403, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Second Circuit has instructed that the "[d]istrict courts have broad discretion to balance probative value against possible prejudice" under Rule 403. United States v. Bermudez, 529 F.3d 158, 161 (2d Cir. 2008) (citing United States v. LaFlam, 369 F.3d 153, 155 (2d Cir. 2004)).

While "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness," Rule 608 allows courts to permit parties to impeach a witness on cross examination via "specific instances of conduct if the conduct is probative of that witness's character for truthfulness or untruthfulness." United States v.

Cedeno, 644 F.3d 79, 82 (2d Cir. 2011) (internal quotation marks and alterations omitted).

Under Rule 802, hearsay is generally not admissible. However, statements "made by [a] party's coconspirator during and in furtherance of the conspiracy" are not hearsay. Fed. R. Evid. 801(d)(2)(E). To admit such a statement, the trial court must find "by a preponderance of the evidence, on this preliminary question of admissibility, (a) that there was a conspiracy, (b) that the statement was made during the course of and in furtherance of the conspiracy, and (c) that both the declarant and the party against whom the statement is offered were members of the conspiracy." Fischl v. Armitage, 128 F.3d 50, 58 (2d Cir. 1997)

Motions in limine are necessarily pretrial motions. As a result, this Court does not have the benefit of evidence that may come in and connections that may be made at trial. A lot can happen during a trial. It is possible that as the trial record develops, it would be in the interests of justice to revisit prior rulings. Accordingly, should the record develop in manner not currently anticipated, or other matters make it clear that the basis for this Court's ruling has been undermined, a party may renew a motion.

II. DISCUSSION

    A. <u>Defendant's Motion</u>

Defendant's motion to preclude evidence that Bijal Jani represented members of her family in other unrelated matters and that she does not pay her father rent for her law office space is DENIED. Evidence relevant to plaintiff's breach of

fiduciary duty claim based on defendant's alleged conflict of interest is plainly probative of facts at issue.

The elements of a breach of fiduciary duty claim are "(1) the existence of a fiduciary relationship; (2) a knowing breach of a duty that relationship imposes; and (3) damages suffered." Trautenberg v. Paul, Weiss, Rifkind, Wharton & Garrison LLP et al., 351 Fed. App'x. 472, 474 (2d Cir. 2009). "[A]ny act of disloyalty by counsel will also comprise a breach of fiduciary duty owed to the client," and the duty includes "avoiding conflicts of interest" and "honoring the clients' interest over the lawyer's." Ulico Casualty Co. v. Wilson, Elser, Moskowitz, Edelman & Dicker, 865 N.Y.S.2d 14, 21 (App. Div. 2008) (internal quotation marks omitted). Defendant's interests that conflict with those of her clients is probative of an essential element of plaintiff's breach of fiduciary duty claim, and therefore is relevant and admissible.

In addition, defendant's testimony "that she did not represent members of her family in past legal matters" may be used for impeachment purposes on cross examination because it is probative of the witness's credibility. Fed. R. Evid. 608(b)(1); United States v. Cedeno, 644 F.3d 79, 82 (2d Cir. 2011).

Finally, the probative value of such evidence is high; the Court views the Rule 403 risks as low.

    B.    Plaintiffs' Motion

Plaintiffs have moved to admit certain statements of the Jani family members as statements of co-conspirators under Fed R. Evid. 801(d)(2)(E). While the Court will not grant admissibility at this time, it will indicate that admissibility

4

is not foreclosed. The Court's ruling must await trial to determine whether sufficient evidentiary foundation has been laid under 801(d)(2)(E).

Rule 801(d)(2)(E) requires that the statements are 1) made by co-conspirators and 2) made during the course and in furtherance of a conspiracy. Fed. R. Evid. 801(d)(2)(E); Fischl, 128 F.3d at 58. "In alleging conspiracy, the plaintiff carries the burden of proving (1) the corrupt agreement between two or more persons, (2) an overt act, (3) their intentional participation in the furtherance of a plan or purpose, and (4) the resulting damage." Kashi v. Gratsos, 790 F.2d 1050, 1055 (2d Cir. 1986). Plaintiffs' Complaint alleges a conspiracy to commit fraud. (Compl. ¶¶ 78, 82.) It remains to be seen whether the proof at trial will be supportive of this claim. It is premature to decide that issue now.

In all events, the Court notes that statements of the Jani family regarding whether "financing was in place" may be admissible as nonhearsay, if they are sought to be offered not for the truth of the matter, but as statements of untruth. Further, such a statement is admissible as nonhearsay if it is offered to "to show its effect on the listener." United States v. Dupree, 706 F.3d 131, 136 (2d Cir. 2013).

III. CONCLUSION

    A. Defendant's Motion in Limine (ECF No. 63) is DENIED.

    B. Plaintiffs' Motion in Limine (ECF No. 68) is GRANTED with the important caveat set forth above.

The Clerk of Court is directed to terminate the motions at ECF Nos. 63 and 68.

SO ORDERED.

Dated:	New York, New York
	September 18, 2015

							_____
							KATHERINE B. FORREST
							United States District Judge